GARNIER, Respondent, v. LEBEAU *et al.*, Appellants.

1. By the act of February 12, 1857, (Sess. Acts, 1857, p. 181,) "a party may be examined as a witness in behalf of his co-plaintiff or of a co-defendant as to any matter in which he is not jointly interested or liable with such co-plaintiff or co-defendant, and as to which a separate and not joint verdict or judgment can be rendered.

2. Where a continuance was applied for in behalf of several defendants in a cause on the ground of the absence of a co-defendant alleged to be a material witness in their behalf; *held*, that the motion was properly overruled on the ground that it did not appear but that all the defendants were interested in the defence which the testimony of the said co-defendant was expected to support.

*Appeal from St. Louis Circuit Court.*

This was an action by Louis A. Garnier against A. A. Le Beau, E. O. English, S. Meyerson, J. Burns and J. Johann, on a negotiable promissory note alleged to have been executed by the defendants LeBeau and English, under the name and style of A. A. LeBeau & Co., in favor of Meyerson, and endorsed by him to the defendants, English, Burns and Johann—who were partners under the name and style of English, Burns & Co.—and endorsed by said English, Burns & Co. to the plaintiff.

The defendant Myerson set up in his answer that he procured said note for the plaintiff; that in endorsing the same he acted as agent of plaintiff and for his accommodation; that his endorsement was given without consideration, and with the special understanding that he (Meyerson) was not to be held liable to the plaintiffs by virtue thereof. LeBeau

filed a separate answer, which he afterwards withdrew, and allowed judgment to be entered against him. The defendant Johann put in issue the alleged presentment and notice.

The defendants English and Burns denied that the firm of English, Burns & Co. ever delivered the note in question to the plaintiff, or that due presentment was made or notice given. They allege that plaintiff received the note from Myerson and that no consideration was paid to the firm of English, Burns & Co. either by plaintiff or by Myerson ; that the note was made by A. A. LeBeau, under the firm of A. A. LeBeau & Co., for the accommodation of said Myerson ; that for the said note plaintiff had taken the note of Gabriel Chouteau and said Myerson, and had given time to the said defendant Myerson, as the said last mentioned note was not due ; that when plaintiff took said note of Chouteau and Myerson he knew that Meyerson was the real debtor ; and that when plaintiff first received it from Myerson he knew it was made for Myerson's use and accommodation. They deny that the defendant English was ever a partner of LeBeau. They claim the benefit of all the collateral security and notes deposited by said Myerson with the plaintiff.

At the trial the defendants English, Burns and Johann moved the court for a continuance of the cause, and in support of this motion filed the affidavit of said Johann. In this affidavit said Johann set forth the absence of LeBeau, the materiality of his testimony, and that there was no other witness in attendance or known to defendants whose testimony could have been procured in time and upon which the defendants could safely rely to prove the particular facts said LeBeau was expected to prove ; that defendants could not safely go to trial without his testimony ; that he was not absent through consent or connivance, &c. The court overruled the motion.

The court rendered judgment against the defendants.

*Knox & Kellogg*, for appellants.

I. The court should have granted the continuance. This was the return term. The affidavit in all respects fully com-

plied with the statute and rule of court. The note was made and endorsed solely for the accommodation of Myerson. The giving of the note of Myerson and Chouteau was a discharge of the other parties. It was given and received as payment. The plaintiff wholly failed to give the notice of dishonor. English was not a partner of LeBeau.

*H. N. Hart*, for respondent.

I. The ruling of the court on the motion for a continuance was right and proper. The parties had not severed in their defence. The party could not be a witness for the defendants. (R. C. 1855, p. 1577.)

SCOTT, Judge, delivered the opinion of the court.

This was an action on a negotiable promissory note. Three of the defendants, who were joint endorsers, made a defence to the action. One of them applied for a continuance on the ground of the absence of A. A. LeBeau, a co-defendant, whom they wished to examine. The application was refused, and this is the main if not the only point made in the cause. The cause was submitted to the court, and no question of law was raised by any instructions. There was an exception taken to the refusal of the court to permit a witness, Myerson, to answer the question, what was the consideration for which LeBeau, the maker, gave him the note, and whether LeBeau and English, Burns & Co. were not accommodation maker and endorsers for him, Myerson. Myerson was a defendant and the first endorser of the note, to whom it was made payable.

The witness, on account of whose absence the continuance was asked, was a co-defendant. By our act concerning witnesses, a plaintiff or defendant has no right to examine his co-plaintiff or his co-defendant for himself. By the act of 12th February, 1857, (Sess. Acts, p. 181,) "a party may be examined as a witness, in behalf of his co-plaintiff or of a co-defendant, as to any matter in which he is not jointly interested or liable with such co-plaintiff or co-defendant, and

as to which a separate and not joint verdict or judgment can be rendered." The party applying for a continuance on the ground of the absence of a witness, such as is described in the foregoing provision, should show that he had a defence such as would warrant the examination of the witness. Here it does not appear but that all the defendants wanted their co-defendant as a witness. The party not showing that he had a case in which he was entitled to the evidence of his co-defendant, we can not say that he was injured by the refusal to grant a continuance.

We do not see how the defendants were injured by the refusal of the court to permit the defendant Myerson to testify in relation to the consideration for the note and for its endorsement, as there is nothing showing that the plaintiff was not an innocent holder for value.

The other judges concurring, the judgment affirmed, with ten per cent. damages.